

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| United States of America, | Case No. 1:07cr644 |
| Plaintiff, | Judge Oliver |
| -v- | Magistrate Judge David S. Perelman |
| William L. Singfield | **REPORT AND RECOMMENDED DECISION** |
| Defendant. |  |

Pursuant to General Order 99-49, this matter having been referred to United States Magistrate Judge David Perelman for purposes of receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered, the following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1. On 8/11/08 the defendant, accompanied by counsel, proffered a plea of guilty.

2. The defendant was examined as to his/her competency to participate in a plea proceeding and was found to be competent.

3. The defendant was advised as to the nature and elements of the charge[s] contained in the indictment/information, the maximum possible sentence consequent thereto.

4. He/She was advised of the rights to: (a) tender a plea of not guilty or stand upon such a plea previously entered: (b) to trial, by jury or by judge; (c) to representation by counsel, including appointed counsel, at all stages of the proceedings; (d) at trial to confront and cross-examine adverse witnesses, to present witnesses and to compel their presence, and to stand upon or waive the privilege

against self-incrimination, and that if a plea of guilty or *nolo contendre* was to be accepted each of those rights would be waived.

5. That the government would have the right, in a prosecution for perjury or a false statement, to use any statement he/she gives under oath.

6. That the terms of any provision in a plea agreement waiving the right to appeal or collaterally attack his/her conviction[s] and sentence[s] thereon will be binding.

7. The parties and counsel informed the court about any plea agreement between the parties, the undersigned was advised that, aside from such agreement as described or submitted to the court, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

8. The undersigned questioned the defendant under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant's plea was offered knowingly, intelligently, and voluntarily.

9. The parties provided the undersigned with sufficient information about the charged offense(s) and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: August 11, 2008

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).